# NO. 12-08-00369-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SERGIO LEE VILLALVA,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Sergio Lee Villalva appeals his conviction for aggravated sexual assault of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss Appellant's appeal.

### BACKGROUND

Appellant was charged by indictment with the offense of aggravated sexual assault of a child, a first degree felony.[1] Appellant entered an "open" plea of guilty to the offense charged in the indictment. Appellant and his counsel signed an agreed punishment recommendation, an agreement to stipulate testimony, a waiver of jury trial, an acknowledgment of admonishments, a waiver of motion for new trial and motion in arrest of judgment, a waiver of the right to appeal, and a stipulation of evidence judicially confessing to the offense alleged in the indictment and admitting

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a), (e) (Vernon Supp. 2008).

that he committed each and every element alleged in the indictment. The trial court accepted Appellant's plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for a period of ten years.[2]

On April 14, 2008, the State filed an application to proceed to final adjudication, alleging that Appellant had violated the terms of his community supervision. Appellant pleaded "true" to the allegations contained in the State's motion. After a hearing, the trial court found that the State met its burden of proving the allegations in the application, granted the State's application, revoked Appellant's community supervision, and adjudged Appellant guilty of aggravated sexual assault of a child as charged in the indictment. The trial court assessed Appellant's punishment at thirteen years of imprisonment.[3] This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. From our review of Appellant's brief, it is apparent that his counsel is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978), counsel's brief presents a chronological summation of the procedural history of the case, and further states that counsel is unable to raise any arguable issues for appeal.[4] We have reviewed the record for reversible error and have found none.

### CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2008).

[3] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon 2003).

[4] Counsel for Appellant certified that he provided Appellant with a copy of his brief and that Appellant was given time to file his own brief in this case. The time for filing such a brief has expired and we have received no pro se brief.

S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby *granted*.  *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

We *dismiss* Appellant's appeal.

Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)